IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOE K. PITTMAN**                                                                                       **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 2:15-CV-114-KS-MTP**

**JOE K. PITTMAN CO., LLC,** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Remand [16]. The Court lifts the stay on briefing Defendants' pending motions. Plaintiff shall file a response to Defendants' Motion to Dismiss [5] and Motion for Reconsideration [16] within fourteen days of the entry of this opinion, and Defendants may file a reply seven days after Plaintiff files a response.

## I. BACKGROUND

This is a breach of contract case. Defendant Casey McClellan entered into a contract to purchase Defendant Joe K. Pittman Co., LLC ("JKPC") from Plaintiff for $4,500,000. He borrowed the funds for the purchase from First Southern Bank and executed a promissory noted secured by equipment belonging to JKPC. He also entered into a lease agreement with Plaintiff. McClellan then allegedly defaulted on the promissory note and lease agreement. The Bank accelerated the loan, and Plaintiff terminated the lease. McClellan represented to Plaintiff that he was unable to meet his financial obligations, abandoning the lease and purchase contract, and relinquishing JKPC's assets to Plaintiff. McClellan requested a dollar settlement amount, but he has not yet turned over any of JKPC's assets.

Plaintiff filed his Complaint [1-2] in the Circuit Court of Jones County, Mississippi, on August 11, 2015. On the same day, he filed an Emergency Motion for Preliminary Injunction and Temporary Restraining Order. Therein, Plaintiff alleged that McClellan had unsatisfied judgment liens against him in Florida in the amount of $235,668. Plaintiff also alleged that Defendants owed vendors a total of $117,314.30, owed over $70,000 in back wages to JKPC's employees, and owed Plaintiff for the use of certain equipment during a job. Therefore, Plaintiff requested that the Circuit Court enjoin Defendants from receiving or disposing of any proceeds from a recent job.

On August 17, 2015, the Circuit Court entered a Temporary Restraining Order enjoining Defendants from disbursing, receiving, or disposing of any proceeds or equipment, and from interfering with Plaintiff's efforts to take control of his equipment. The Court further ordered that all funds owed to JKPC by its clients shall be held in constructive trust until further order. The Court limited the TRO period to ten days after its entry.

On August 25, 2015, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. Two days later, Plaintiff filed an Amended Complaint and issued summons. On August 28, 2015 – the day of a hearing on Plaintiff's motion for preliminary injunction – the Circuit Court set a briefing schedule on Defendants' motion to dismiss and represented that it would later set a hearing. It also extended the TRO for an indefinite time period.

On September 2, 2015, Defendant Casey McClellan removed the case to this Court [1]. Plaintiff later filed a Motion to Remand [16], which the Court now considers.

## II. DISCUSSION

### A. *Removal Before Service*

First, Plaintiff argues that Defendants' removal was defective because they removed the case before any Defendant had been served with process. "Generally, service of process is not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). Section 1446(b) explicitly provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1) (emphasis added). The Fifth Circuit interprets this language "as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Delgado*, 231 F.3d at 177. Indeed, Section 1448 provides a procedure for serving process on "any one or more of the defendants" after removal. *See* 28 U.S.C. § 1448. Therefore, Defendants' were not required to wait until Plaintiff served them with process to remove the case. *Delgado*, 231 F.3d 165; *see also Mehrtens v. America's Thrift Stores, Inc.*, No. 1:10-CV-534-HSO-JMR, 2011 U.S. Dist. LEXIS 57990, at *3 n. 1 (S.D. Miss. May 26, 2011); *Addison v. First Family Fin. Servs.*, No. 4:06-CV-22-LR, 2006 U.S. Dist. LEXIS 47200, at *3-*4 (S.D. Miss. May 9, 2006).

### B. *Complete Diversity*

Next, Plaintiff argues that the parties to this case are not completely diverse because McClellan is a citizen of Mississippi. Defendants contend that McClellan is a citizen of Florida.

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction of any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). For diversity jurisdiction, the parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Furthermore, "[i]f diversity is established . . . , it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Id.*

When a motion to remand is filed, the party invoking the Court's jurisdiction has the burden of proving that the jurisdictional requirements have been met. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249. Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of

remand," *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), and the "removal statutes are to be strictly construed against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

"In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Generally, "the question of domicile is a difficult one of fact to be settled only by a realistic and conscientious review of the many relevant (and frequently conflicting) indicia of where a man's home is." *D.C. v. Murphy*, 314 U.S. 441, 455, 62 S. Ct. 303, 86 L. Ed. 329 (1941).[1] However, "the place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Id.*

It appears to be undisputed that McClellan lives in Florida. McClellan asserted in his Notice of Removal [1] that he is a resident and citizen of Florida. Plaintiff specifically alleged in his Complaint, Emergency Motion for Preliminary Injunction and Temporary Restraining Order, and Amended Complaint [1-2], that McClellan is a citizen and resident of Florida. The summons issued by the state court [1-2] listed a Florida address for McClellan, as did the summons issued by this Court [33], which was returned executed. Plaintiff's counsel sent a collection letter [1-2] to McClellan in Florida. Finally, JKPC's corporate registration in Florida [29-1] provides a Florida address for McClellan.

---

[1] *See, e.g. Hollinger*, 654 F.3d at 571-74 (conducting factual analysis of domicile question); *JBHM Educ. Group, LLC v. Bailey*, No. 1:08-CV-89-SA-JAD, 2009 U.S. Dist. LEXIS 39125 (N.D. Miss. May 8, 2009) (providing thorough domicile analysis).

The only suggestion in the record that McClellan lives in Mississippi is in JKPC's registration with the Mississippi Secretary of State's office [17-3]. Mississippi law requires that a foreign corporation provide "the address of a place of business of the person *in this state* to which service of process . . . may be delivered." MISS. CODE ANN. § 79-35-6 (emphasis added). JKPC listed McClellan as its registered agent for service of process, and it provided an address in Moselle, Mississippi. Based on the parties' apparent agreement that McClellan lives in Florida, Plaintiff's collection letter addressed to McClellan in Florida, and the summons addressed to McClellan in Florida, the Court concludes that JKPC misrepresented McClellan's address. Plaintiff admitted as much in his reply brief [34] – apparently agreeing that McClellan is, in fact, a resident and citizen of Florida.

"[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. According to Plaintiff's Amended Complaint [1-2] and Defendant's Notice of Removal [1], McClellan is the only member of JKPC. Therefore, both McClellan and JKPC are citizens of Florida, while Plaintiff is a citizen of Mississippi. The parties are completely diverse.

C.   *Waiver*

Plaintiff argues that McClellan waived his right to remove by stating in his Notice of Removal [1] that the Notice of Removal is filed within thirty days of service. "A defendant can waive the right to remove to federal court if it proceeds to defend the action in state court or otherwise invoke the processes of that court." *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 703 (N.D. Tex. June 17, 2005)

(citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)). But the "waiver must be clear and indicate a specific, positive intent to proceed in state court." *Id.* Plaintiff has not directed the Court to any filing in which Defendants expressed a "specific, positive intent to proceed in state court." *Id.* Defendants' assertion that the notice of removal was filed within thirty days of service does not constitute a waiver of the right to remove.

### D.   *Estoppel*

Plaintiff also argues that McClellan is both judicially and equitably estopped from removing the case because he misrepresented his address on JKPC's registration with the Mississippi Secretary of State's office [17-3].

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011). The doctrine has three elements: "(1) the party against whom the judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* at 574. Judicial estoppel is not applicable here because a representation on a filing with the Secretary of State's office is not "a claim . . . in a previous legal proceeding" that was accepted by a court. *Id.*

"[E]quitable estoppel exists where there is a (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." *B.C. Rogers Poultry, Inc. v. Wedgeworth*,

911 So. 2d 483, 492 (Miss. 2005). Equitable estoppel is not applicable here because Plaintiff has not demonstrated that he relied on or was prejudiced by the misrepresentation of McClellan's residency on the filing with Mississippi's Secretary of State. In fact, the record demonstrates that Plaintiff has consistently issued summons and directed correspondence to McClellan in Florida.

### D.   *Rule of Unanimity*

Finally, Plaintiff argued for the first time in his reply brief that all Defendants did not timely join in the removal. The failure of all defendants to timely join in a notice of removal is a procedural – rather than jurisdictional – defect. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). A motion to remand alleging a procedural defect in removal must be brought within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). This case was removed [1] on September 2, 2015. Plaintiff first raised this argument in his reply brief [34] filed more than thirty days later – on October 21, 2015. Therefore, Plaintiff waived this argument.

The Court further notes that Section 1446 only requires "all defendants who have been properly joined and served" to join in removal. 28 U.S.C. § 1446(b)(2)(A). Plaintiff served process on JKPC on October 15, 2015 [32], well after the case had been removed. At the time of removal, neither JKPC nor McClellan had been served with process. "[W]hen removal is effected pursuant to § 1441, only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal." *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting 28 U.S.C. § 1446(b)(2)(A)). Therefore, as JKPC had not been properly served at the time of removal, its consent

or joinder was not required. *See Marion County Econ. Dev. Dist. v. Wellstone Apparel, LLC*, No. 2:13-CV-44-KS-MTP, 2013 U.S. Dist. LEXIS 92856, at *11 (S.D. Miss. July 2, 2013); *Penson Fin. Servs. v. Golden Summit Investors Group, Ltd.*, No. 3:12-CV-300-B, 2012 U.S. Dist. LEXIS 93733, at *16 (N.D. Tex. July 5, 2012).

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiff's Motion to Remand [16]. The Court lifts the stay on briefing Defendants' pending motions. Plaintiff shall file a response to Defendants' Motion to Dismiss [5] and Motion for Reconsideration [16] within fourteen days of the entry of this opinion, and Defendants may file a reply seven days after Plaintiff files a response.

SO ORDERED AND ADJUDGED this 2nd day of November, 2015.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE