IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOE K. PITTMAN**                                                                                                          **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:15-CV-114-KS-MTP**

**JOE K. PITTMAN CO., LLC,** *et al.*                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided above, the Court **denies** Defendants' Motion to Dismiss [5] for lack of personal jurisdiction. It also **denies** Defendants' Motion to Reconsider [11] **as moot**.

### I. BACKGROUND

The Court provided the factual background of this case in its previous opinion. *See Pittman v. Joe K. Pittman Co., LLC*, No. 2:15-CV-114-KS-MTP, 2015 U.S. Dist. LEXIS 148135, at *1-*3 (S.D. Miss. Nov. 2, 2015). The Court now addresses Defendants' Motion to Dismiss [5] for lack of personal jurisdiction and Motion to Reconsider [11].

### II. DISCUSSION

"A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted [in] a state court under state law." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (citations omitted). "The court may only exercise jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution." *Id.* (citing *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir.

1997)). "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident . . . . A plaintiff satisfies this burden by presenting a *prima facie* case for personal jurisdiction." *Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 577 (S.D. Miss. 2012) (citations omitted). "The district court is not obligated to consult only the assertions in the plaintiff's complaint . . . . Rather, the district court may consider the contents of the record at the time of the motion, including affidavits . . . ." *Paz*, 445 F.3d at 812 (citations omitted). But "uncontroverted allegations in the plaintiff's complaint must be accepted as true, and all disputed facts must be construed in the plaintiff's favor." *Blacklidge Emulsions, Inc. v. Blankenship*, No. 1:13-CV-293, 2013 U.S. Dist. LEXIS 173082, 2013 WL 6492876, at *1 (S.D. Miss. Dec. 10, 2013) (citations omitted).

    1.    *Long-Arm Statute*

"Mississippi's long-arm statute provides the courts shall have jurisdiction over a nonresident who: (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state, (2) commits a tort in whole or in part in this state against a resident or nonresident, or (3) does any business or performs any character of work or service in this state." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 720 (S.D. Miss. 2014) (citing MISS. CODE ANN. § 13-3-57 (1991)) (punctuation omitted).

Here, the long-arm statute confers jurisdiction over Defendant McClellan under the contract prong. McClellan entered into an "LLC Ownership Interest Purchase

2

Agreement" [5-2] with Plaintiff, a Mississippi resident. Under the terms of the agreement, McClellan was required to execute promissory notes "with First Southern Bank, 5248 Old Highway 11, Hattiesburg, Mississippi, 39402," and "with CAT Financial, 5248 Old Highway 11, Hattiesburg, Mississippi, 39402 . . . ." Likewise, McClellan was required to make quarterly payments to Plaintiff, a Mississippi resident. McClellan also entered into a Lease [1-2], in which he agreed to rent a business property in Moselle, Mississippi, from Defendant. Therefore, at least a portion of McClellan's performance under the contract was to occur in Mississippi. *See Medical Assurance Co. v. Jackson*, 864 F. Supp. 576, 578 (S.D. Miss. 1994) (where defendants received check sent from Mississippi and issued by Mississippi bank, settlement agreement was to be performed in part in Mississippi); *Scott M. Favre Pub. Adjuster, LLC v. Davis Dev., Inc.*, No. 1:12-CV-75-HSO-RHW, 2012 U.S. Dist. LEXIS 83891, at *7-*9 (S.D. Miss. June 18, 2012); *Sheridan, Inc. v. C. K. Marshall & Co.*, 360 So. 2d 1223, 1225 (Miss. 1978) (jurisdiction appropriate under long-arm statute where defendant contracted with MS resident to rent equipment and rental payments made to MS).

As for Defendant Joe K. Pittman Co., LLC ("JKPC"), jurisdiction is appropriate under the doing-business prong. "Under Mississippi's long-arm statute, to satisfy the statutory 'doing business' requirement, [conduct] must be of a continuing and substantial nature." *ASAP Auto Grp., LLC v. Force Events & Direct Mktg., LLC*, No. 3:14-CV-DPJ-FKB, 2015 U.S. Dist. LEXIS 120652, at *10 (S.D. Miss. Sept. 10, 2015) (quoting *Medina v. Medina*, 260 F.3d 622 (5th Cir. 2001)). According to the Amended

Complaint [1-2], JKPC's principal address is 3078 Highway 11, Moselle, Mississippi. In fact, Defendant McClellan leased a business property at 3078 Highway 11, Moselle, Mississippi, from which JKPC's operations were run. Finally, JKPC entered into employment contracts with several Mississippi residents [42-4, 42-5], and it purchased services [42-3] from Diesel Power Service, Inc., in Laurel, Mississippi. In the Court's opinion, this evidence is sufficient to make a *prima facie* case for jurisdiction under the doing-business prong of the long-arm statute.

    2.    *Due Process*

The Fourteenth Amendment's Due Process Clause "permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Unified Brands*, 868 F. Supp. 2d at 577. "Minimum contacts . . . can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Id.*

General jurisdiction exists when "the defendant's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). "[F]or a corporation, the place of incorporation and principal place of business are where it is 'at home' and are thus paradigm bases for jurisdiction." *Id.*

"Specific jurisdiction exists when the defendant has purposefully directed his

4

activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Court "applies a three-step analysis to determine specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Jackson v. Tanfoglio Guiseppe S.R.L.*, 615 F.3d 579, 585 (5th Cir. 2010). If Plaintiff establishes the first two prongs, the burden shifts to Defendants to "show that exercising jurisdiction would be unfair or unreasonable." *Ritter*, 768 F.3d at 433.

The Court's inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). "[T]he relationship must arise out of contacts that the defendant himself creates with the forum State," and the contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122.

> [A] defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.

*Id.* at 1123.

### a.   JKPC – General Jurisdiction

As noted above, JKPC's principal address was 3078 Highway 11, Moselle,

5

Mississippi, and it appears to be undisputed that was its principal place of business during the events relevant to this case. JKPC also entered into employment contracts with several Mississippi residents [42-4, 42-5], and it purchased services from Diesel Power Service, Inc. [42-3] in Laurel, Mississippi. Therefore, the record indicates that Defendant Joe K. Pittman Co., LLC was "at home in this state," despite its only member residing in Florida. Accordingly, the Court finds that it has general jurisdiction over Defendant JKPC.

### b.  McClellan – Specific Jurisdiction

McClellan entered into an "LLC Ownership Interest Purchase Agreement" [5-2] with Plaintiff, a Mississippi resident, to purchase JKPC, a company with a principal place of business in Mississippi. McClellan financed the transaction with loans from Mississippi banks. He leased a property in Mississippi, which served as JKPC's principal place of business. As the sole member and principal of JKPC, a Mississippi business, he executed employment contracts with Mississippi residents [42-4, 42-5] and acquired services from Mississippi vendors [42-3]. In summary, Defendant McClellan intentionally acquired a Mississippi business, funded the acquisition with loans from Mississippi banks, and acted as the business's principal agent in its dealings with Mississippi residents. In the Court's opinion, this is sufficient to demonstrate that he has minimum contacts with Mississippi. Plaintiff's cause of action arises from these contacts, as he seeks to enforce the contracts mentioned above.

Finally, McClellan must establish that the exercise of personal jurisdiction over him would be unfair or unreasonable. *Ritter*, 768 F.3d at 433. This factor focuses on

whether the exercise of jurisdiction "would comport with fair play and substantial justice." *Taishan Gypsum Co. v. Gross*, 753 F.3d 521, 544 (5th Cir. 2014). The Court must balance "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies." *Id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

McClellan articulated no burden in litigating this case in Mississippi. He has already acquired local counsel, and the distance from Florida to Mississippi was apparently not too burdensome to prevent his acquisition and operation of a Mississippi business. Of course, Mississippi has an interest in protecting its residents' rights and providing a forum for the resolution of their disputes. *See McFadin v. Gerber*, 587 F.3d 753, 763 (5th Cir. 2009). Florida has a similar interest, but McClellan has not demonstrated that it outweighs Mississippi's. Finally, McClellan has presented no argument as to why it would be inefficient for this Court to adjudicate the matter. Accordingly, the Court finds that it would not be unfair or unreasonable for this Court to exercise personal jurisdiction over Defendant McClellan.

### 3. *Conclusion*

For these reasons, the Court finds that the exercise of personal jurisdiction over Defendants Casey McClellan and Joe K. Pittman Co., LLC is proper under both Mississippi's long-arm statute and the 14th Amendment's due process clause.

## B. *Forum-Selection Clauses*

Defendants' sole argument against the exercise of personal jurisdiction focuses on the effect of forum-selection clauses in the various contracts from which this matter arises. While a party may waive objections to personal jurisdiction in an enforceable forum-selection clause, *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 800 F.3d 143, 151 (5th Cir. 2015), it is questionable whether a party may deprive a court of personal jurisdiction through a forum-selection clause. *See Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 n. 6 (1st Cir. 2001) ("[E]ven a mandatory forum-selection clause does not in fact divest a court of jurisdiction that it otherwise retains.") (citing cases); *cf. The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) ("The argument that such clauses are improper because they tend to 'oust' a court of jurisdiction is hardly more than a vestigial legal fiction."). Some federal appellate courts have held that "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *see also Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1290 (11th Cir. 1998).[1] In this Court's view, that is the proper analysis. Neither side provided a venue argument. Therefore, the Court presently declines to address Defendants' forum-selection clause argument.

### III. MOTION TO RECONSIDER [11]

---

[1] The Fifth Circuit has declined to decide whether Rule 12(b)(3) is the *only* proper mechanism for addressing a motion to dismiss based on a forum-selection clause, but it has accepted it as *a* proper mechanism. *See Noble Drilling Servs. v. Certex USA, Inc.*, 620 F.3d 469, 472 (5th Cir. 2010).

Defendants filed a Motion to Reconsider [11], requesting that the Court grant an expedited hearing of their Motion to Dismiss [5]. As the Court has now addressed the Motion to Dismiss [5], the Motion to Reconsider is moot.

## IV. CONCLUSION

For the reasons provided above, the Court **denies** Defendants' Motion to Dismiss [5] for lack of personal jurisdiction. It also **denies** Defendants' Motion to Reconsider [11] **as moot**.

SO ORDERED AND ADJUDGED this 10th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE