IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOE K. PITTMAN**                                                                 **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:15-CV-114-KS-MTP**

**JOE K. PITTMAN CO., LLC,** *et al.*                                      **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

     The Court provided the factual background of this case in a previous opinion. *Pittman v. Joe K. Pittman Co., LLC*, No. 2:15-CV-114-KS-MTP, 2015 U.S. Dist. LEXIS 148135, at *1-*3 (S.D. Miss. Nov. 2, 2015). For the reasons provided below, the Court **denies** Defendants' Motion for Hearing [50] and **grants** Defendants' Motion to Dismiss [48]. This case is **dismissed without prejudice**.

I. MOTION FOR HEARING ON PRELIMINARY INJUNCTION [50]

     Defendants filed a Motion [50] seeking several different forms of relief related to a TRO entered by the state court. Defendants argue that they are entitled to an evidentiary hearing. They also presented arguments for dissolution or modification of the state court order, despite not specifically requesting such.

     The state court extended a previously entered temporary restraining order for an indefinite period of time on August 28, 2015 – before this case was removed. Generally, such orders entered by a state court prior to removal are still "in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. After removal, this Court is "free to treat the order . . . as it would any such interlocutory

order it might itself have entered," including reconsideration, dissolution, modification, or amendment. *Louisiana v. Guidry*, 489 F.3d 692, 698 (5th Cir. 2007). If a state court grants interlocutory relief in a manner "inconsistent with federal standards, the federal court should not be fettered by considerations of deference from independently developing the record and then modifying or dissolving the order, as the circumstances may require." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). Furthermore, a state court order granting a TRO "does not obtain any greater effect than it would have had if the case had remained in state court," and "in no event would the order remain in force longer than the time limitations imposed by Fed. R. Civ. P. 65(b) on federal TRO's, measured from the date of removal." *Id.* at 1303 n. 2 (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 433-36, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974)); *see also Riels v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 140889, *5-*8 (S.D. Miss. Oct. 3, 2014).

> Rule 65(b) provides, in pertinent part:
>
> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry – *not to exceed 14 days* – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

FED. R. CIV. P. 65(b)(2) (emphasis added). This case was removed on September 2, 2015. This Court has not granted an extension of the TRO, and Defendants have not consented to an extension. Therefore, the TRO expired, at the latest, on September 16,

2

2015 – 14 days after removal. *Granny Goose Foods*, 415 U.S. at 439-40; *Nissho-Iwai*, 845 F.2d at 1303 n.2; *Riels*, 2014 U.S. Dist. LEXIS 140889 at *5-*8.

For these reasons, the Court **denies** Defendants' motion [50]. As the TRO already expired pursuant to Rule 65(b), there is no TRO to dissolve or modify. To the extent this order conflicts with the Court's previous orders [7, 10], the Court hereby withdraws them as erroneous.

## II. MOTION TO DISMISS [48]

Defendants argue that the Court should dismiss this case pursuant to the doctrine of *forum non conveniens* because the parties included a forum selection clause in the purchase agreement [5-2] from which this case arises. "[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 580, 187 L. Ed. 2d 487 (2013); *see also Weber v. PACT XPP Techs.*, 811 F.3d 758, 2016 U.S. App. LEXIS 1239, at *4 n. 2 (5th Cir. 2016). A typical *forum non conveniens* analysis consists of four considerations:

> First, the district court must assess whether an alternative forum is available. An alternative forum is available if the entire case can come within the jurisdiction of that forum. Second, the district court must decide if the alternative forum is adequate. An alternative forum is adequate if the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.
>
> If the district court decides that an alternative forum is both available and adequate, it next must weigh various private interest factors. If consideration of these private interest factors counsels against dismissal, the district court moves to the fourth consideration in the analysis. At this stage, the district court must weigh numerous public interest factors.

> If these factors weigh in the moving party's favor, the district court may dismiss the case.

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002) (punctuation and citations omitted).

However, the analysis changes when the parties have executed a mandatory, enforceable forum selection clause:

> First, the plaintiff's choice of forum merits no weight; instead he has the burden to establish that . . . [forum non conveniens] dismissal is unwarranted. And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they waive the right to challenge their preselected forum as inconvenient. Instead, the Court should consider *only* the public-interest factors. Because those factors will rarely defeat a transfer motion, the practical result is that [forum selection clauses] should control except in unusual cases. Cases in which the public-interest factors are sufficiently strong to outweigh a valid [forum selection clause] will not be common.

*Weber*, 2016 U.S. App. LEXIS 1239 at *12-*13. In other words, if the parties executed a mandatory, enforceable forum selection clause, "the analysis is easy: except in a truly exceptional case, the contract controls." *In re Rolls Royce*, 775 F.3d 671, 679 (5th Cir. 2014).

### A. *Waiver*

Before the Court addresses the forum-selection clause, it must address two preliminary arguments raised in Plaintiff's briefing. First, Plaintiff argues that Defendants waived any forum or venue defense by asserting permissive counterclaims. Indeed, "[t]here is excellent authority for the view that objection to venue is waived by the assertion of a counterclaim." *Ryan v. Glenn*, 336 F. Supp. 555, 556 (N.D. Miss. 1971) (citing *Rubens v. Ellis*, 202 F.2d 415 (5th Cir. 1953)).

However, within two weeks of removing this case from state court, Defendants filed a Motion to Dismiss [5] for lack of jurisdiction on the basis of the forum-selection clause in the purchase agreement – four months prior to filing their Answer [52]. The Court declined to address [45] the forum-selection clause on the basis that neither party had conducted the proper legal analysis, but Defendants subsequently filed another motion, which the Court now addresses. Waiver is an equitable remedy, *see Sapp v. Potter*, 413 F. App'x 750, 752 n. 1 (5th Cir. 2011), and "[a] holding of waiver . . . does not seem fair or equitable where the defendant, as here, timely objected to venue and" only filed an answer after the Court denied his initial motion. *Ryan*, 336 F. Supp. at 556.

The Court further notes that Rule 12(h) provides the circumstances in which a party may waive a venue defense:

> A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

FED. R. CIV. P. 12(h)(1). The circumstances described in Rule 12(g)(2) are inapplicable here, and Defendants timely raised the venue issue in their initial motion [5] in addition to asserting it as the second defense listed in their answer [52]. Therefore,

Defendants did not waive their right to challenge venue.

Next, Plaintiff argues that Defendants waived any forum or venue defense by unreasonably delaying to file their Motion to Dismiss [48] for *forum non conveniens* until over four months after the case was removed. As noted above, Defendants raised the venue question by filing a Motion to Dismiss [5] for lack of jurisdiction on the basis of the forum-selection clause within two weeks of removing this case from state court. Therefore, they did not unduly delay raising the issue.

### B.     *Mandatory or Permissive?*

The Court must determine whether the forum-selection clause is mandatory or permissive.

> A mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive [forum-selection clause] is only a contractual waiver of personal jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. [A forum-selection clause] is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum – and language merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make [a forum-selection clause] mandatory.

*Weber*, 2016 U.S. App. LEXIS 1239 at *17-*18. Therefore, to be mandatory, a forum-selection clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).

The parties' purchase agreement [5-2] included the following forum-selection

clause: "The parties stipulate that exclusive jurisdiction and venue for the adjudication of any dispute will be in the state court in Gadsden County, Florida." This provision goes beyond merely establishing that the Gadsden County, Florida court will have jurisdiction of any dispute; it clearly states that *exclusive* jurisdiction rests with the Florida court. Accordingly, the Court finds that the forum-selection clause is mandatory.

### C.   *Enforceability*

Next, the Court must determine whether the forum-selection clause is enforceable. The Court "applies a strong presumption in favor of the enforcement of mandatory" forum-selection clauses. *Weber*, 2016 U.S. App. LEXIS at *30.

> The presumption of enforceability may be overcome, however, by a clear showing that the clause is "unreasonable" under the circumstances. Unreasonableness potentially exists where (1) the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape the enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. The party resisting enforcement on these grounds bears a "heavy burden of proof."

*Haynesworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)).

#### 1.   *Incapacity*

First, Plaintiff argues that the forum-selection clause is unenforceable because

he lacked capacity to execute the purchase agreement – despite having asserted his own breach of contract claims against Defendants. "[T]he doctrine of estoppel prevents a party from 'having it both ways.'" *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 268 (5th Cir. 2004). One may not "[sue] based upon one part of a transaction that [he] says grants [him] rights while simultaneously attempting to avoid other parts of the same transaction that [he] views as a burden . . . ." *Id.* The doctrine of equitable estoppel prevents litigants from taking such inconsistent positions. *Id; cf. Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517-18 (5th Cir. 2006); *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528 (5th Cir. 2000); *Chew v. KPMG, LLP*, 407 F. Supp. 2d 790, 800 (S.D. Miss. 2006). Therefore, as Plaintiff asserted breach of contract claims against Defendants, the Court finds that he is estopped from arguing that the purchase agreement – including the forum-selection clause – is unenforceable because he lacked capacity to execute it.

Additionally, "[a]rguments that go to the validity of the contract as a whole do not prevent enforcement of [a forum-selection clause]; instead, the party seeking to avoid enforcement must demonstrate that the [forum-selection clause] is invalid rather than merely claim the contract is invalid. In effect, the court is to treat the [forum-selection clause] as both severable and presumptively valid." *Weber*, 2016 U.S. App. LEXIS 1239 at *30-*31 (citing *Haynesworth*, 121 F.3d at 963).

  2. *Contracts of Adhesion*

Next, Plaintiff argues that the forum-selection clause is unenforceable because it is contained in a contract of adhesion. Again, one may not "[sue] based upon one part

of a transaction that [he] says grants [him] rights while simultaneously attempting to avoid other parts of the same transaction that [he] views as a burden . . . ." *Bailey*, 364 F.3d at 268. Furthermore, Plaintiff "must demonstrate that the [forum-selection clause] is invalid rather than merely claim the contract is invalid." *Weber*, 2016 U.S. App. LEXIS 1239 at *30.

The Court further notes that Plaintiff has not presented sufficient evidence to support this argument. "A contract of adhesion has been described as one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 716 (Miss. 2002). Such contracts are not automatically void, though. *Id.* "The fact that an arbitration agreement is included in a contract of adhesion renders the agreement procedurally unconscionable only where the stronger party's terms are unnegotiable and the weaker party is prevented by market facts, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." *Id.* Although Plaintiff made many unsupported factual assertions in briefing, the affidavit [57-2] and medical records [57-3] he submitted do not demonstrate that he was "prevented by market facts, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." *Id.*

Therefore, for these reasons, the Court finds that Plaintiff failed to carry his heavy burden in demonstrating that the forum-selection clause is unenforceable.

    **D.**    ***Public Interest Factors***

Having found that the parties executed a mandatory, enforceable forum-selection clause, "the *Atlantic Marine* private-interest factors strongly favor dismissal without prejudice to refiling . . . ." *Weber*, 2016 U.S. App. LEXIS 1239 at *36; *see also Atlantic Marine*, 134 S. Ct. at 582 (where parties executed a mandatory, enforceable forum-selection clause, the court must deem the private-interest factors to "weigh entirely in favor of the preselected forum"). The Court must now consider the public-interest factors, which include: "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Weber*, 2016 U.S. App. LEXIS 1239 at *36-*37. These factors will "rarely defeat" a motion to dismiss based on a mandatory, enforceable forum-selection clause. *Atlantic Marine*, 134 S. Ct. at 582. "[E]xcept in a truly exceptional case, the contract controls." *Rolls Royce*, 775 F.3d at 679.

The Court has considered all the public interest factors and concludes that they do not outweigh the parties' agreement to litigate in Florida. Plaintiff provided no evidence or coherent argument related to court congestion. Mississippi undoubtedly has a strong local interest in having this lawsuit litigated here, as the case involves Mississippi citizens and relates to events which occurred here. *See McFadin v. Gerber*, 587 F.3d 753, 763 (5th Cir. 2009). However, Florida has a similar – albeit weaker – interest insofar as the case also involves a Florida citizen. Assuming that Mississippi

law controls, Plaintiff has not provided the Court with any reason to believe that a Florida court is unable to apply basic principles of Mississippi contract law. Finally, it is not unfair to impose jury duty on Florida citizens insofar as the case involves a Florida resident and is, therefore, related to that forum.

In summary, Plaintiff has not demonstrated that this case presents "the sort of extraordinary circumstance that justifies disregarding the parties' agreement . . . . The interests of . . . the states individually in protecting their own citizens are implicated in *every* case in which a [litigant] attempts to resist application of [a forum-selection clause] . . . ." *Weber*, 2016 U.S. App. LEXIS 1239 at *38. Accordingly, the parties' contract controls, and this case must be litigated "in the state court in Gadsden County, Florida."

### III. CONCLUSION

For the reasons provided above, the Court **denies** Defendants' Motion for Hearing [50] and **grants** Defendants' Motion to Dismiss [48]. This case is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this 16th day of March, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE